# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE FONTANA** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-326** |
| **LATOYA CANTRELL, ET AL.** | **SECTION I** |

## ORDER

Before the Court is *pro se* plaintiff Luke Fontana's[1] ("Fontana") motion[2] for a temporary restraining order ("TRO"), a preliminary injunction, or both. The motion and accompanying complaint were filed after 4:00 PM on Friday, February 12, 2021.[3] Because Fontana's requested relief necessitates ruling prior to February 16, 2021, the Court will address the request for a TRO, although the defendants do not appear to have been provided notice yet.

Fontana requests that the Court "enjoin[] Defendants Mayor LaToya Cantrell and the City of New Orleans from enforcing 'Mardi Gras Restrictions' affecting the closure of Jackson Square, Louis Armstrong Park, and the use of Bourbon Street for February 16, 2021."[4] Fontana also asks that the Court "enjoin [the defendants] from the use of legal process to prosecute [him] for violating 'Mardi Gras Restrictions' under Chapter 54 Section 501 of the New Orleans Criminal Code."[5] Fontana's

---

[1] Fontana, an attorney, has indicated that he is proceeding *pro se*.
[2] R. Doc. No. 2.
[3] The Court notes that Monday, February 15, 2021, is President's Day, a federal holiday.
[4] *Id.* at 1.
[5] *Id.* at 1–2.

Complaint indicates that he plans to hold a "33 Minute Prayer Vigil at the entrance to Saint Louis Cathedral in Jackson Square"[6] as well as a "protest parade."[7] He explains that the purpose of the vigil and parade is to "protest . . . the destructive economic restrictions and poor leadership of Mayor Cantrell."[8]

As far as the Court is aware, Fontana has not served the defendants—and they have neither appeared nor responded to the complaint and motion. And, importantly, Fontana has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required," as required by Federal Rule of Civil Procedure 65(b)(1)(B).

Fontana's lack of certification precludes the Court from granting his motion. Fed. R. Civ. Proc. 65(b)(1)(B) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."); *see Howell v. Lake Villas No. 2 Homeowners Ass'n*, No. 18-14332, 2019 WL 95472, at *1 (E.D. La. Jan. 3, 2019) (Africk, J.); *Ray v. La. Dep't of Pub. Safety and Corrections*, No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (similar); *see also Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415 (5th Cir. 2013) (per curiam) ("[A] temporary restraining order requires verification in the motion of the . . . efforts that ha[ve] been taken to contact the adverse party[.]"). "Although Rule 65(b)(1)(B) requires certification from the

---

[6] R. Doc. No. 1, at 4 ¶ 20.
[7] *Id.* at 2 ¶ 6.
[8] *Id.*

2

'movant's attorney,' courts have held the provision applicable to *pro se* parties as well." *Meaux v. La. Office of Governor*, No. 17-203, 2017 WL 8794844, at *2 n.1 (W.D. La. Feb. 10, 2017) (gathering cases). As the Court *cannot* issue a TRO under these circumstances, it will not address whether such extraordinary relief would be appropriate. Accordingly,

**IT IS ORDERED** that the motion for a TRO and/or preliminary injunction is **DISMISSED**.

New Orleans, Louisiana, February 15, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**