UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LUKE FONTANA**                                                              **CIVIL ACTION**

**VERSUS**                                                                         **No. 21-326**

**LATOYA CANTRELL, ET AL.**                                          **SECTION I**

### ORDER & REASONS

Before the Court is the remaining defendants' (the "City Defendants")[1] motion[2] to dismiss plaintiff Luke Fontana's claims against them, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Fontana's opposition was due June 8, 2021, and has not yet been submitted, nor has the Court granted any extension of his deadline to file; the motion is therefore unopposed.  As explained below, the Court dismisses Fontana's claims for declaratory relief (and, to the extent he seeks it, injunctive relief) as moot.  And, though it suspects he lacks standing to pursue his claims for damages based on his loss of short-term rental income, the Court will allow him to brief the issue (and others raised by the City Defendants) before dismissing the matter in its entirety.

---

[1] Though plaintiff's second amended complaint makes repeated reference to Governor Jon Bel Edwards, plaintiff has already dismissed the Governor from this matter.  *See* R. Doc. No. 33.  The continued reference to the Governor and to State COVID-19 restrictions is particularly frustrating because, as Fontana himself notes *in the Second Amended Complaint*, his stated reasons for the amendment included "remov[ing] all references to . . . Governor Bel Edwards." R. Doc. No. 37, at 2.
[2] R. Doc. No. 38.

Fontana's disjointed second amended complaint[3] raises a host of challenges to a number of COVID-19 related restrictions enacted by the State of Louisiana and the City of New Orleans, arguing generally that they deprive him of his constitutional rights and are, in fact, part of the "Great Reset," a conspiracy of the "global élite."[4] As a remedy, Fontana seeks a declaratory judgment that Mayoral Proclamation 2020-02449 violates, among other things, the United States Constitution and the Louisiana Constitution.[5] And, though Fontana has explicitly stated that he "seeks to remove his request for injunctive relief and any references to injunctive relief,"[6] his prayer for relief asks the Court to "appoint a Special Master to determine whether or not the annual New Orleans Jazz Festival should be held in similar style as previous years."[7] Finally, though Fontana explains that he is "focused on Declaratory Relief against Defendants,"[8] and makes no mention of monetary damages in his prayer for relief, the Second Amended Complaint does include allegations that Fontana suffered a loss of short-term rental income as a result of COVID-19-related restrictions enacted by the State of Louisiana.[9]

---

[3] R. Doc. No. 37.
[4] *Id.* at 8 ¶¶ 30–31. At various points, the complaint also references harms suffered by "others similarly situated," though it is unclear. *See, e.g., id.* at 2.
[5] *Id.* at 24.
[6] *Id.* at 2.
[7] *Id.* at 25.
[8] *Id.* at 2.
[9] *Id.* at 13–14 ¶¶ 56–60.

2

The City Defendants' Rule 12(b)(1) motion points out, in relevant part,[10] that the proclamations Fontana challenged are no longer in force.[11] They argue that this renders Fontana's claims moot, depriving the Court of jurisdiction.[12] The City Defendants also argue that Fontana's claims must be dismissed pursuant to 12(b)(1) for lack of standing because his alleged loss of short-term rental income is not sufficiently traceable to any actions taken by the City Defendants.[13] As noted, Fontana has offered no opposition to the motion.

*Fontana's claims for declaratory and/or injunctive relief are moot.*

"Mootness is one of the doctrines that ensures federal courts are only deciding live cases or controversies." *Spell v. Edwards*, 962 F.3d 175, 178–79 (5th Cir. 2020) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016)) (dismissing a challenge to COVID-19-related restrictions no longer in place as moot). "[A] case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed." *Id.* at 179 (citing *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018)). "Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.* (citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020)).

---

[10] The Court does not reach the City Defendants' argument under Rule 12(b)(6). It also does not reach their argument that the Eleventh Amendment bars Fontana's claims.
[11] R. Doc. No. 38, at 2.
[12] *Id.*
[13] *Id.*

Of course, "a defendant cannot automatically moot a case simply by ending its [allegedly] unlawful conduct once sued." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). For that reason, "Defendant-induced mootness is viewed with caution" in the Fifth Circuit. *Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018) (quoting *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015)). In reviewing a mootness argument along these lines, a court's "goal is to determine whether the defendant's actions are 'litigation posturing' or whether the controversy is actually extinguished." *Id.* (citing *Ctr. for Biological Diversity, Inc. v. BP Am. Production Co.*, 704 F.3d 413, 426 (5th Cir. 2013)).[14]

As noted, Fontana's second amended complaint is hard to decipher. But, as the City Defendants point out—and as the updated City policies attached to their motion to dismiss make clear[15]—"almost every [COVID-19-related] restriction has been lifted in the City of New Orleans."[16] And while it is true that the City's most recent policy update occurred after this litigation commenced, the timing (more than three months after Fontana's initial complaint) and the fact that this relaxation mirrors a nationwide trend offer the Court no reason to suspect that the City

---

[14] Another exception to the mootness doctrine applies to injuries that are "capable of repetition, yet evading review." *Id.* at 911 (gathering cases). But "[t]hat exception applies only when '(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.'" *Id.* (quoting *Turner v. Rogers*, 564 U.S. 431, 440 (2011) (cleaned up)).

Fontana has not suggested the exception applies, nor is there anything about the instant case to suggest that it would.
[15] R. Doc. No. 38-2.
[16] R. Doc. No. 38-1, at 4.

4

Defendants are trying to evade liability in this suit. The Court cannot and will not grant declaratory or injunctive relief as to the policies no longer in place. Accordingly, Fontana's claims for that relief, the "focus[]" of his second amended complaint, will be dismissed.[17]

*To the extent Fontana seeks monetary damages related to his loss of short-term rental income, he must indicate to the Court that he is doing so and respond to the City Defendants' arguments.*

It is unclear whether Fontana seeks damages for the loss of his rental income. Regardless, the City Defendants argue that, to the extent he does, the claims should be dismissed for a lack of standing because Fontana's injury is not "fairly traceable" to their actions.[18]

The Court will not address this argument when it is unsure of whether Fontana is actually seeking monetary damages for his loss of rental income. Fontana may be proceeding *pro se*, but he is an attorney. The Court will give Fontana one last chance to clarify whether he seeks such relief and to offer opposition to the City Defendants' arguments regarding (1) traceability, (2) Eleventh Amendment Immunity, and (3) his alleged failure to state a claim upon which relief may be granted.

Accordingly,

---

[17] R. Doc. No. 37, at 2.
[18] R. Doc. No. 38, at 2.

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED IN PART**, in that, to the extent Fontana's claims seek declaratory or injunctive relief, they are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent Fontana seeks damages for his loss of rental income, he shall file opposition to the City Defendants' motion making that clear and responding to the City Defendants' remaining arguments no later than **FRIDAY, JUNE 25, 2021**.  A failure to do so may result in this matter being dismissed in its entirety without opposition.

**IT IS FURTHER ORDERED** that, should Fontana file opposition, the City Defendants shall file their response, if any, no later than **WEDNESDAY, JULY 7, 2021**.

New Orleans, Louisiana, June 17, 2021.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE