UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUKE FONTANA                                              CIVIL ACTION

VERSUS                                                          No. 21-326

LATOYA CANTRELL, ET AL.                              SECTION I

<u>ORDER</u>

Before the Court is Luke Fontana's "motion to vacate judgement [sic] . . . pursuant to Federal Rule of Civil Procedure 60(b) (3) [sic]."[1]  Fontana argues that this relief is warranted "on the grounds of the counsel's paralegal 's [sic] diagnosis and inability to perform functions of work due to COVID-19 which prevented Defendant from properly responding to Plaintiff's Motion to Dismiss for Failure to State a Claim."[2]   Fontana explains that his "paralegal[] began suffering from coronavirus symptoms on June 20, 2021" and received a positive test on June 26.[3]  This, Fontana continues, rendered his paralegal "unable to work and fulfill his duties as Chief Paralegal for approximately three weeks."[4]   Fontana adds that he twice emailed opposing counsel asking for "an *ex parte* continuance" but received no reply.[5]

---

[1] R. Doc. No. 48.

[2] *Id.* at 1–2.  The Court assumes Fontana means that his paralegal's illness prevented *the plaintiff* from responding to *the defendants'* motion.  Fontana's incorrect description of himself as the defendant in this matter continues throughout his motion, confusing matters.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

At no point does Fontana offer *any* substantive response to the issues raised in the motion to dismiss or make *any* effort to respond to the Court's request for clarification it originally posed to him nearly two months ago.

The Court accepts Fontana's factual representations regarding his employee's condition.  Even doing so, the Court can reach only one conclusion: the relief Fontana seeks is unwarranted.

First, Fontana's conduct has been objectively unreasonable.  Opposing counsel lacks the authority to grant Fontana a continuance.  Only the Court can do that.  And Fontana *never asked the Court for a continuance because of his staff's condition—nor did he inform the Court of the issue at all.*[6]  Fontana acknowledges he had the bandwidth to email opposing counsel.  Why did he not contact the Court?

Moreover, Fontana's reference to his unnamed paralegal's "duties as Chief Paralegal" is both irksome and telling about his argument's shortcomings.  Fontana's paralegal is not enrolled as counsel in this matter; that honor was reserved for Fontana.  And Fontana's paralegal *has no duties to the Court*.  Fontana, on the other hand, does.  Fontana, not his paralegal, is responsible for litigating this case—a particular paralegal's unavailability should not grind matters to a halt.

Regardless: Federal Rule of Civil Procedure 60(b)(3) allows for relief from final judgment in cases of "fraud . . ., misrepresentation, or misconduct by an opposing party."  The record is devoid of evidence suggesting any such thing occurred or was

---

[6] The Court previously rejected an unrelated motion for a continuance, seeking an extension because of Fontana's involvement in other "earth-shattering litigation."  R. Doc. No. 42-1, at 1.

material.   Fontana does not claim, for example, that the defendants infected his

employee.   Nor does he claim that the defendants misled him about deadlines.   And

his claim that opposing counsel failed to respond to his email is irrelevant because

the defendants were not empowered to give Fontana a continuance.

The Court did not enter final judgment because the defendants refused

Fontana a continuance.   It entered judgment because the defendants' unopposed

arguments demonstrated that judgment was appropriate as a matter of law.   And it

did so only after offering Fontana ample time to respond—an offer he ignored.   Simply

put, Fontana has failed to offer the Court any basis to grant his motion.   Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, August 9, 2021.

 

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**